**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2483

_____

MU ING LIN
a/k/a Mu Jing Lin
a/k/a Mu Jin Lin,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                              Respondent

_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(Agency No. A077-340-396)
Immigration Judge: Daniel A. Meisner

_____

Submitted under Third Circuit L.A.R. 34.1(a) on January 16, 2020

Before:  JORDAN, GREENAWAY, JR., and KRAUSE, *Circuit Judges*.

(Opinion filed: May 13, 2021)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Petitioner Mu Ing Lin seeks review of the BIA's denial of her motion to reopen her immigration proceedings. We will deny the petition for review.

Lin is a Chinese national. She was ordered removed by the BIA in 2006. But Lin remained in the country and gave birth to twin U.S. citizen children. In 2018, she filed a motion to reopen her case with the BIA, seeking cancellation of removal. By then, Lin had plainly satisfied two eligibility criteria for cancellation that she had not at the time of her initial removal order: She had accrued ten years of physical presence[1] and she had given birth to qualifying U.S. citizen children. *See* 8 U.S.C. § 1229b(b)(1)(A), (D).

Lin's motion to reopen did not, however, demonstrate that she met the key criterion for cancellation: that her removal would cause "exceptional and extremely unusual hardship" to her U.S. citizen children. *See id.* § 1229b(b)(1)(D). Rather, while a motion to reopen "must be accompanied by the appropriate application for relief and all supporting documentation," 8 C.F.R. § 1003.2(c)(1), Lin submitted no documentation related to her two children besides their birth certificates. Thus, we are compelled to agree with the BIA that Lin "vaguely assert[ed] in her motion, without reference to any evidence," that her children would suffer hardship and that these vague assertions were insufficient to clear even the relatively low bar of prima facie eligibility. *See* AR 4 (citing *Matter of L-O-G-*, 21 I. & N. Dec. 413, 418 (BIA 1996)). We will therefore deny the petition for review.

---

[1] The Government's argument that Lin failed to accrue ten years of physical presence is foreclosed by the Supreme Court's recent decision in *Niz-Chavez v. Garland*, 593 U.S. ___, No. 19-863, 2021 WL 1676619, at *9 (Apr. 29, 2021).